[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF DECISION
Pursuant to an order issued by the Appellate Court, dated June 5, 2002, the court articulates its previous issued.
The history of this case is that on September 25, 2001, the jury CT Page 8203-de rendered a verdict in favor of the plaintiff, which verdict was accepted and ordered recorded. Thereafter, the defendant filed motions to set aside the verdict and for a remittitur. Said motions were denied on October 26, 2001. The defendant appealed to the Appellate Court on November 13, 2001. Thereafter the court rendered a memorandum of decision dated March 14, 2002.
The court finds that the jury reasonably could have found the following: that the defendant, John E. Cummiskey, Jr., was the proprietor of J.J. Toon's café and that Mr. Leonard was a bartender at said café for three to four years. Also that Mr. Leonard was married to the sister of Mr. Cumminsky for fourteen years and that Mr. Leonard and Mr. Cummiskey knew each other socially and as employer and employee. It was reasonable for the jury to conclude that Mr. Cummiskey knew Mr. Leonard not only as employer to employee, but socially as well.
On the day when the accident occurred, Mr. Leonard worked at the café from 6:00 p.m. to 2:00 a.m. He admittedly had two to three beers from 11:00 p.m. to 2:00 a.m. Also on the day in question Mr. Cummiskey left the bar for a few hours to go to a concern leaving Mr. Leonard as bartender. Further, Mr. Cummiskey allowed the bartenders to drink alcoholic beverages on the job.
The jury heard the testimony of Mr. Leonard and Mr. Cummiskey on the issues in question and it was the jury's province to assess the testimony of the witnesses, including their demeanor on the witness stand and to draw reasonable inferences from their testimony.
The court finds that the jury reasonably could have found that the defendant's negligent supervision was the proximate cause of the plaintiff's injuries.
The court concludes that the evidence adduced at trial affords a sufficient basis for the jury's verdict and was legally sufficient to support the plaintiff's claims.
The defendant has raised an issue as to whether a mistrial was warranted because the plaintiff's attorney propounded a question that the defendant claims violated the court's ruling on a motion in limine. The inquiry in question had to do with whether Mr. Leonard's license was suspended. The question was not answered by the witness and the court gave a curative instruction. Also in its charge to the jury, the court addressed this issue and instructed the jury to decide the case only on the evidence presented. The defendant has not established that prejudice occurred and that a mistrial was warranted. CT Page 8203-df
 ___________________ Stengel, J.